# In re Hiwote YEWONDWOSEN, Respondent

### File A70 570 088 - Arlington

### *Decided September 9, 1997*

### U.S. Department of Justice
### Executive Office for Immigration Review
### Board of Immigration Appeals

Where an alien has not strictly complied with the regulatory requirements of 8 C.F.R. § 3.2(c)(1) (1997) by failing to submit an application for relief in support of a motion to reopen or remand, but the Immigration and Naturalization Service affirmatively joins the motion, the Board of Immigration Appeals or an Immigration Judge may still grant the motion.

FOR THE RESPONDENT: Sahlu Mikael, Esquire, Washington, D.C.

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Bruce Dizengoff, Deputy District Counsel

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HOLMES, HURWITZ, VILLAGELIU, FILPPU, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members. Dissenting Opinion: HEILMAN, Board Member, joined by COLE, Board Member.

MATHON, Board Member:

This case is before us on a timely appeal from an Immigration Judge's March 4, 1996, decision denying the respondent's applications for relief from deportation. On July 5, 1996, during the pendency of her appeal, the respondent moved to remand the record to the Immigration Judge to pursue an application for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 (1994).

With her motion to remand, the respondent attached a copy of an approved visa petition filed on her behalf by her mother, qualifying the respondent as an unmarried daughter of a lawful permanent resident under section 203(a)(2)(B) of the Act, 8 U.S.C. § 1153(a)(2)(B) (1994). The record reflects that the respondent's visa priority date is current. On July 12, 1997, the Immigration and Naturalization Service submitted a memorandum in nonopposition to the motion. The respondent, however, did not provide an Application to Register Permanent Residence or Adjust Status (Form I-485) with her motion, as required by 8 C.F.R. § 3.2(c)(1) (1997), which states in

pertinent part: "A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation."

The issue in this case, therefore, is whether this Board may grant a motion to remand in a case in which the Service affirmatively states that it does not oppose the motion, if the application for relief is not provided as required by 8 C.F.R. § 3.2(c)(1).

We first note that the respondent's motion is for remand, as opposed to reopening. However, the two motions are treated in a similar, if not identical, manner. *See Rodriguez v. INS*, 841 F.2d 865 (9th Cir. 1987); *Matter of Coelho*, 20 I&N Dec. 464, 471 (BIA 1992). The basic requirements for a motion to reopen before the Board are set forth in 8 C.F.R. § 3.2, which was recently amended in substantial part. *See generally* 61 Fed. Reg. 18,900 (1996). Added to the requirements for a motion to reopen was the language in question here, which specifies that the application form for any relief requested must be supplied by the moving party.

We next note that a failure to submit an application for relief, as required by 8 C.F.R. § 3.2(c)(1), will typically result in the Board's denial of the motion.

Nonetheless, we consider the Service's position in this case to be significant. Rather than oppose the motion based on the respondent's failure to attach an application for relief, the Service joined her motion to remand for further proceedings. We believe the parties have an important role to play in these administrative proceedings, and that their agreement on an issue or proper course of action should, in most instances, be determinative. In this case, the Service's joining of the motion seems a sufficient cure for the respondent's procedural failure to submit a Form I-485. Furthermore, as with most requests for adjustment of status, the primary purpose of the application form is to establish prima facie eligibility for such relief. If the opposing party joins the motion notwithstanding the lack of such a showing, the Board can reasonably conclude that this issue is not in controversy.

We further note that, although the newly created provision of 8 C.F.R. § 3.2(c)(1) makes it incumbent upon an alien to submit an application form when filing a motion to reopen, it does not state that failure to do so requires denial of the motion. By contrast, the language immediately following that sentence in the regulation specifically precludes favorable action in cases involving certain evidentiary and procedural shortcomings:

> A motion to reopen proceedings *shall not be granted* unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; *nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted* if it appears that the alien's right to apply for such relief was fully explained to him or her . . . .

8 C.F.R. § 3.2(c)(1) (emphasis added).[1]

The regulations governing motions also give the Board clear authority to reopen and remand cases without regard to other regulatory provisions. *Compare* 8 C.F.R. § 3.1(d)(2) (1997) ("The Board may return a case to the Service or Immigration Judge for such further action as may be appropriate, without entering a final decision on the merits of the case.") *with* 8 C.F.R. § 3.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision."). It would therefore appear that this Board has the ability to reopen or remand proceedings when appropriate, such as for good cause, fairness, or reasons of administrative economy, and that technical deficiencies alone would not preclude such action.

Accordingly, in cases where the alien has not strictly complied with the regulatory requirements of 8 C.F.R. § 3.2(c)(1) by failing to submit an application for relief in support of a motion to reopen or remand, but the Service affirmatively joins the motion, the Board (or an Immigration Judge) may reopen or remand in the interests of fairness and administrative economy. We underscore the limited scope of this decision. In view of the foregoing, the respondent's motion to remand to apply for adjustment of status will be granted.

**ORDER:** The motion to remand is granted and the record is remanded to the Immigration Judge for further proceedings.

*DISSENTING OPINION*: Michael J. Heilman, Board Member, in which Patricia A. Cole joined, Board Member

I respectfully dissent.

It appears to me that the regulation found at 8 C.F.R. § 3.2(c)(1) (l997) is clear and dispositive of the outcome in this motion. That regulation states: "A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." The word "must" is, I believe, employed in this regulation in its usual meaning when found in a legal context, as an imperative command, indicating an unequivocal requirement. The majority, however, treats the language as if it were simply setting forth a suggestion to a respondent who is filing a motion. As I see no ambiguity in the language, I do not find the majority interpretation to have a reasonable basis.

While the majority believes that its interpretation is buttressed by the seeming lack of opposition to the motion by the Immigration and Naturalization Service, I do not consider the Service's position on the motion to provide

---

[1] *See also INS v. Doherty*, 502 U.S. 314, 322 (1992) ("The regulation with which we deal here [the former version of 8 C.F.R. § 3.2, which contained the same language as reproduced above] is couched solely in negative terms; it requires that under certain circumstances a motion to reopen be denied, but does not specify the conditions under which it shall be granted . . . .").

a gloss on the regulatory language. Apparently, the majority will treat the regulatory language as mandatory if the Service opposes the motion, but will treat it as advisory if the Service does not oppose the motion. This seems to me to be an entirely ad hoc approach, and one that will cause confusion and inequitable results. I am also not sure that I would follow the logic of an approach that would result in denying a motion if the Service opposes the motion on the ground that an application is missing, if the majority today finds that an application is not necessary.

Furthermore, a motion to reopen must establish that the applicant is prima facie eligible for the underlying relief sought. *INS v. Abudu,* 485 U.S. 94 (1988); INS v. Jong Ha Wong, 450 U.S. 139 (1981) (per curium); *Matter of Coelho,* 20 I&N Dec. 464 (BIA 1992). At a minimum this should require a demonstration of statutory eligibility. To establish eligibility for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 (1994), an alien must meet three conditions: 1) the alien *must make an application for adjustment of status*; 2) the alien must be eligible to receive an immigrant visa and be admissible to the United States for permanent residence; and 3) an immigrant visa must be immediately available at the time the application is filed. Section 245(a) of the Act. In this case there is no application for adjustment of status, and therefore the respondent did not establish prima facie eligibility for adjustment of status and the motion should be denied.

All in all, the better course of action is to apply the plain meaning of the regulation so that all moving parties will be on notice of what is required, and the result will not depend on the Service's initiative to oppose or not oppose the motion.

For these reasons, I would deny the motion because the respondent has not filed the necessary application. Therefore, he has failed to comply with the regulatory requirements and has not established prima facie eligibility for the underlying relief sought.