**Levita Mariano BARROCAN; John Vergel Mariano Barrocan; Anthony Vergel Mariano Barrocan, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71403.

I & NS Nos. A70–785–401 A70–785–402 A70–785–403.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2002.*

Decided Feb. 11, 2002.

Before TROTT, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM**

Levita Barrocan and her sons petition for review of a Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's decision to deny the Barrocans' motion to reconsider an order denying their motion to reopen deportation proceedings.

This petition returns to us after we previously remanded the case to the BIA for reconsideration in light of *Konstantinova v. INS*, 195 F.3d 528 (9th Cir.1999). *Bar-*

---

* The Court previously granted petitioners' motion to submit this case on the briefs without oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*rocan v. INS,* 202 F.3d 277, 1999 WL 1062673 (9th Cir.1999) (unpublished). In *Konstantinova,* we held that the BIA's decision dismissing an appeal was arbitrary because the facts in that case were indistinguishable from the BIA's decision in *Matter of Yewondwosen,* 21 I. & N. Dec. 1025, 1997 WL 560960 (BIA 1997). *Konstantinova,* 195 F.3d at 530. In *Yewondwosen,* the BIA held that it could, in its discretion, grant procedurally defective motions for remand if the INS had affirmatively joined the applicant's motion. *Yewondwosen,* 21 I. & N. Dec. 1025.

In *Konstantinova,* the petitioner had filed a motion to remand with the same procedural defect at issue in *Yewondwosen,* and the INS had not filed an opposition to the motion. *Konstantinova,* 195 F.3d at 530. We rejected the BIA's argument that the INS's failure to join Konstantinova's motion was dispositive. "Here, although the INS did not affirmatively join in the motion, it did not oppose it. Otherwise, the cases are identical." *Id.* We ordered the BIA to remand the case to the immigration judge and "to take whatever steps are necessary to allow petitioners to pursue their adjustment of status application, including a direction to waive the procedural defect." *Id.* at 531.

The Barrocans' case is distinguishable from *Konstantinova.* In this case, the INS *opposed* the motion to reopen. Further, the motion to reopen in the instant case was both procedurally defective *and* untimely. The motions at issue in both *Konstantinova* and *Yewondwosen* were timely motions that did not include the necessary attachments. *See Yewondwosen,* 21 I. & N. Dec. 1025; *Konstantinova,* 195 F.3d at 529. Thus, the BIA did not abuse its discretion by holding that *Kon-*

*stantinova* does not control this case. We therefore DENY the Barrocans' petition for review without prejudice to any other proceeding pertaining to the petitioners which may be pending before the BIA, including the pending motion to reconsider.

**PETITION FOR REVIEW DENIED.**