United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60685
Summary Calendar

FATIMA RAZIUDDIN-CYCLEWALA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29-327-691
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:*

Fatima Raziuddin-Cyclewala ("Raziuddin") petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her appeal of the Immigration Judge's denial of her motion to reopen her deportation proceedings. She argues 1) that the BIA should have liberally construed her motion and should have forgiven her failure to serve the Office of the District Counsel and to include the appropriate application for relief and 2) that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her situation warranted equitable tolling of the limitations period for filing a motion to reopen.

We "will defer to the BIA's interpretation of immigration regulations if the interpretation is reasonable." Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). Motions to reopen immigration proceedings are disfavored. Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000). "There is no statutory provision for reopening; the authority to reopen derives solely from regulations promulgated by the Attorney General." Id. "We therefore apply a highly deferential abuse of discretion standard in reviewing the BIA's denial of a motion to reopen." Id.

Raziuddin's motion to reopen did not include an application seeking a change of status or the documentation demonstrating her entitlement to such relief. See 8 C.F.R. §§ 3.2(c)(1), 3.23(b)(1) (1997) (renumbered 8 C.F.R. §§ 1003.2 and 1003.23(b)). She did not serve the District Counsel with the motion, and the INS filed an opposition to the motion. See 8 C.F.R. §§ 3.2(g)(2) (1997). The BIA's dismissal of Raziuddin's appeal of the Immigration Judge's denial of her motion to reopen was not an abuse of discretion. See Matter of Yewondwosen, 21 I & N Dec. 1025, 1025-26 (1997).

PETITION FOR REVIEW DENIED.