08-1179-ag
Dong v. Holder

BIA
Videla, IJ
A 071 629 020

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand ten.

PRESENT:
    RALPH K. WINTER,
    JOSÉ A. CABRANES,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

YI XIN DONG,
        *Petitioner,*

        v.                                    08-1179-ag
                                              NAC

ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Joan Xie, New York, New York.

FOR RESPONDENT:        Gregory G. Katsas, Assistant
                       Attorney General, Civil Division;

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**Francis W. Fraser, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Yi Xin Dong, a native and citizen of the People's Republic of China, seeks review of a February 13, 2008, order of the BIA affirming Immigration Judge ("IJ") Gabriel C. Videla's November 1, 2006, decision denying his motion to reconsider. *In re Yi Xin Dong,* No. A 071 629 020 (B.I.A. Feb. 13, 2008); *aff'g* No. A 071 629 020 (Immig. Ct. N.Y. City Nov. 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in affirming the IJ's denial of Dong's motion to reconsider. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We note at the outset that although Dong's petition for review is timely only with respect to the BIA's denial of his motion to reconsider, *see* 8 U.S.C. § 1252(b)(1), in that decision, the

2

BIA effectively reviewed both the IJ's denial of Dong's motion to reopen and his motion to reconsider. Thus, we similarly review the agency's denial of both motions.

Under 8 C.F.R. § 1003.2(c)(1), "[a] motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief." Here, the IJ denied Dong's motion to reopen because he failed to submit an asylum application setting forth his new claim. Dong contends that his failure to submit the appropriate application is not a ground to deny his motion. However, that argument runs counter to the plain language of the regulation, requiring that a motion to reopen "must" be accompanied by the appropriate application. 8 C.F.R. § 1003.2(c)(1); *see Waggoner v. Gonzales*, 488 F.3d 632, 638-39 (5th Cir. 2007) (holding that "[i]n the absence of this application, the BIA did not abuse its discretion" in denying petitioner's motion to reopen and remand).[2]

Furthermore, because Dong filed his motion to reconsider in order to cure the defect the IJ had identified

---

[2] We agree with the BIA that *Matter of Yewondwosen*, 21 I. & N. Dec. 1025 (BIA 1997), is distinguishable because, in that case, the government affirmatively joined in the motion to reopen. *Id.* at 1027.

in denying his motion to reopen, rather than to specify errors of fact or law in the IJ's decision, the agency did not err in denying the motion. *See* 8 C.F.R. § 1003.2(b)(1); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001); *In re O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006) ("A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4