09-4380-ag
Sun v. Holder

BIA
A093 397 267

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

JIN MING SUN, a.k.a. JINMING SUN,
> *Petitioner,*

v.    09-4380-ag
      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:    Joan Xie, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Elizabeth D. Kurlan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jin Ming Sun, a native and citizen of the People's Republic of China, seeks review of the September 22, 2009, order of the BIA denying his motion to reopen. *In re Jin Ming Sun,* No. A093 397 267 (B.I.A. Sept. 22, 2009). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA denied Sun's timely motion to reopen based on his failure to establish his *prima facie* eligibility for relief. The BIA did not abuse its discretion. *See I.N.S. v. Abudu*, 485 U.S. 94, 104-05 (1988). In denying Sun's motion, the BIA reasonably accorded the documents he submitted low probative value. *Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008); See also *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148-49 & n.6 (2d Cir. 2007). Moreover, contrary to Sun's argument, the BIA did not err in considering that

Sun's wife, as a similarly-situated family member remaining in China, had suffered no further persecution. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

In addition, Sun failed to submit an application for relief together with his motion, as required under the regulations. 8 C.F.R. § 1003.2(c)(1). The BIA's denial of the motion to reopen on this ground was not an abuse of discretion.[*]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[*]Sun's reliance on *In re Matter of Yewondwosen*, 21 I. & N. Dec. 1025, 1027 (BIA 1997), is misplaced because, here, the government did not affirmatively join in the motion to reopen.