**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3331
_____

VICTOR MARCUS FERRARI-COCK,
                                        Petitioner
v.

THE ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A200-583-890)
Immigration Judge:  Honorable Andrew Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2012
Before:  SLOVITER, GREENAWAY, JR., and COWEN, Circuit Judges

(Opinion filed: April 20, 2012 )
_____

OPINION
_____

PER CURIAM

        Victor Marcos Ferrari, a native of Peru, entered the United States in 2005 as a

visitor.  On December 2010, he was charged as removable for overstaying his admission

period.  On January 11, 2011, an Immigration Judge (IJ) granted his application for

voluntary departure until March 29, 2011.  On March 25, 2011, Ferrari filed a motion to

reopen for the purpose of applying for adjustment of status based on his marriage to a United States citizen. The government opposed the motion to reopen on the ground that Ferrari did not have an approved I-130 petition at the time.

The IJ denied the motion to reopen on the grounds that Ferrari had not submitted an application for adjustment of status (Form I-485). He appealed to the BIA and filed a motion to remand which included a filing receipt for an I-485 form. With respect to the appeal of the motion to reopen, the BIA determined that he did not show why he could not have submitted a I-485 motion with the motion to reopen, especially since visa eligibility was immediate based on his marriage. As for the motion to remand, the BIA considered it to be a numerically-barred motion to reopen. It also concluded that the motion to remand did not contain clear and convincing evidence of a strong likelihood that the marriage was bona fide. It observed that Ferrari had not explained why the I-485 was not presented to the IJ. Ferrari filed a petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). We review the BIA's factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). The BIA's findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

2

A motion to reopen for the purpose of submitting an application for relief must be accompanied by the application and supporting documents. 8 C.F.R. § 1003.2(c)(1) (motion filed with the BIA); 8 C.F.R. § 1003.23(b)(3) (motion filed with IJ). Ferrari argues that the IJ and BIA misinterpreted 8 C.F.R. § 1003.23(b)(3) to require mandatory denial when a motion to reopen is not accompanied by an application for relief. He argues that it is a discretionary factor and his motion to reopen was "essentially unopposed" by the government.

In affirming the IJ's denial, the BIA quoted from its decision in In re Yewondwosen, 21 I. & N. Dec. 1025, 1026 (BIA 1997) in which it stated that the "failure to submit an application for relief, as required by [8 C.F.R. § 1003.2(c)(1)], will typically result in the Board's denial of the motion." The BIA noted in Yewondwosen that 8 C.F.R. § 1003.2(c)(1) does not state that a failure to submit the application requires denial of a motion to reopen or remand. Yewondwosen, 21 I. & N. Dec. at 1026. However, in Yewondwosen, the BIA based its decision to grant the motion to remand on the fact that the government affirmatively stated that it did not oppose the motion. The BIA noted that its holding was narrow:

> Accordingly, in cases where the alien has not strictly complied with the regulatory requirements . . . by failing to submit an application for relief in support of a motion to reopen or remand, but the Service affirmatively joins the motion, the Board (or an Immigration Judge) may reopen or remand in the interests of fairness and administrative economy. We underscore the limited scope of this decision.

Id. at 1027.

3

Here, the BIA cited Yewondwosen's language that the failure to submit the application *typically* results in denial. Thus, the BIA was aware that denial of the motion to reopen was not mandatory. While Ferrari argues that his motion to reopen was "essentially unopposed," the government did file an opposition to the motion to reopen. A.R. at 233. Yewondwosen's narrow exception does not apply here. Ferrari has not demonstrated that the BIA abused its discretion in affirming the denial of his motion to reopen. See Palma-Mazariegos v. Keisler, 504 F.3d 144, 147 (1st Cir. 2007) (approving of BIA's denial of motion to reopen because it was not accompanied by application for adjustment of status).

Motion to remand

With respect to his motion to remand, Ferrari argues that the BIA erred in construing it as a number-barred motion to reopen when he intended it to be a supplement to the original motion to reopen. However, a motion to remand is the functional equivalent of a motion to reopen. Korytnyuk v. Ashcroft, 396 F.3d 272, 282 (3d Cir. 2005). Moreover, we note that the BIA also considered the merits of the motion to remand.

As noted above, the BIA concluded that the motion to remand did not contain clear and convincing evidence of a strong likelihood that the marriage was bona fide. Ferrari argues that the IJ found that he satisfied the factors in Matter of Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002), for evaluating motions to reopen; one of these factors is whether there is clear and convincing evidence that the marriage is bona fide.

4

However, we see no such finding in the IJ's opinion.  The IJ cited the factors from Velarde-Pacheco and then stated that those factors were to be applied in addition to the regulatory requirements set forth in § 1003.23(b)(3).  Because the IJ concluded that Ferrari had not complied with the regulatory requirements, he did not address the bona fides of Ferrari's marriage or the other Velarde-Pacheco factors.

Ferrari contends that the BIA may not engage in fact-finding; however, the regulation he cites refers to appeals and not motions to reopen.  See 8 C.F.R. § 1003.1(d)(3)(iv); Sevoian, 290 F.3d at 170 (reviewing BIA's findings of fact for substantial evidence).  The BIA made these findings in support of its denial of the motion to remand and not the appeal of the denial of the motion to reopen.  The BIA considered Ferrari's evidence—photographs, a joint cellular phone bill, a joint affidavit, an unsigned letter from a friend, and a partial back account image—and determined that Ferrari had failed to submit clear and convincing evidence indicating a strong likelihood that the marriage was bona fide.  Ferrari does not point to any evidence that would compel a finding that the marriage was bona fide.

Finally, Ferrari argues that his prior counsel was ineffective and states that he has complied with the requirements of Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988).  However, this argument was not raised before the BIA and is unexhausted.  We lack jurisdiction to review unexhausted arguments.  Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).  Moreover, to support his argument, Ferrari relies on documents outside of the record.  We may decide the petition based only on the

5

administrative record.  See 8 U.S.C. § 1252(b)(4)(A).  Ferrari contends that the exhaustion requirement does not apply because the ineffective assistance of counsel occurred before the BIA.  However, he must file a motion to reopen with the BIA to exhaust such an argument.  See Zheng v. Gonzales, 422 F.3d 98, 107-08 (3d Cir. 2005).

Ferrari argues that the Supreme Court's recent decision in Martinez v. Ryan, No. 10-1001, 2012 WL 912950 (Mar. 20, 2012), allows him to raise this claim without exhausting it before the BIA.  The Court in Martinez addressed the issue of procedural default in habeas corpus cases, and that decision is not applicable here.

For the above reasons, we will deny the petition for review.