**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREI ROJANKOVSKI, | No. 09-71445 |
| Petitioner, | Agency No. A072-433-164 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 9, 2013
Pasadena, California

Before: WARDLAW and MURGUIA, Circuit Judges, and RESTANI, Judge.**

An immigration judge denied petitioner Andrei Rojankovski's applications

for asylum and withholding of removal, and the BIA dismissed Rojankovski's

appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny Rojankovski's

petition for review.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jane A. Restani, Judge for the U.S. Court of
International Trade, sitting by designation.

Rojankovski may have been "teased, bothered, discriminated against and harassed" in Soviet Russia, but the record "does not *compel* a conclusion that [he] suffered from past persecution" on account of his religion. *See Nagoulko v. I.N.S.*, 333 F.3d 1012, 1016 (9th Cir. 2003) (emphasis in original). A reasonable adjudicator could have concluded that the incidents Rojankovski described neither individually nor cumulatively rose to the level of persecution and that Rojankovski's malefactors were motivated by his belligerence rather than his religion. *See Halaim v. I.N.S.*, 358 F.3d 1128, 1132 (9th Cir. 2003) (finding no past persecution where petitioners "were the victims of many derogatory comments and, over the course of 50 years, a few incidents that might be deemed police harassment"); *cf. Krotova v. Gonzales*, 416 F.3d 1080, 1087 (9th Cir. 2005) ("The combination of sustained economic pressure, physical violence and threats against Petitioner and her close associates, and the restrictions on Petitioner's ability to practice her religion cumulatively amount to persecution.").

The BIA did not abuse its discretion in denying Rojankovski's motion to remand, because Rojankovski failed to comply with 8 C.F.R. § 1003.2(c)(1). *See In re Yewondwosen*, 21 I. & N. Dec. 1025, 1026 (BIA 1997) (en banc) (stating a "failure to submit an application for relief . . . will typically result in the Board's denial of the motion").

We lack jurisdiction to consider Rojankovski's ineffective assistance of counsel claim because it is unexhausted. *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

**PETITION DENIED.**