**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ARGENTINA BERNAL-LOPEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-55

Agency No.
A203-522-401

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2023[**]
Phoenix, Arizona

Before: TALLMAN, OWENS, and BADE, Circuit Judges.

Argentina Bernal-Lopez appeals a decision of the Board of Immigration

Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of her motion

to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the

petition.

The BIA affirmed the IJ's decision without an opinion, so we review the

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

IJ's decision as the final agency action. *See* 8 C.F.R. § 1003.1(e)(4); *Zehatye v. Gonzales*, 453 F.3d 1182, 1184 (9th Cir. 2006). We review the agency's denial of a motion to reopen for an abuse of discretion. *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014).

The agency abused its discretion by denying Bernal-Lopez's motion to reopen based on lack of notice.[1] *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). The agency's decision is contrary to *Flores-Chavez v. Ashcroft*, 362 F.3d 1150 (9th Cir. 2004), which provided the basis of its decision. Although Bernal-Lopez's father misrepresented her age as seventeen to the IJ, unlike the minor petitioner in *Flores-Chavez*, the notice of hearing was never provided to Bernal-Lopez. *See id.* at 1153 (holding that "the regulations at issue require[] that the agency serve notice both to the 'juvenile,' . . . and to the person to whom the regulation authorizes release").

Bernal-Lopez, who was not represented by counsel, was not personally served with notice of hearing and notice was not mailed to her last address. *See Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022) (discussing notice requirements); *see also* 8 U.S.C. §§ 1229(a)(2)(A), (c). Thus, the presumption of regular service which applies in some circumstances does not apply here.

---

[1] The agency did not abuse its discretion by denying the motion despite the government's non-opposition to the motion. This case is distinguishable from the narrow holding in *Matter of Yewondwosen*, 21 I. & N. Dec. 1025, 1026–27 (BIA 1997).

.

*See B.R. v. Garland*, 26 F.4th 827, 836 (9th Cir. 2022); *Mejia–Hernandez v. Holder*, 633 F.3d 818, 822 (9th Cir. 2011) (discussing presumptions applicable to service by certified and regular mail).

Additionally, Bernal-Lopez's declaration provided sufficient evidence of non-delivery of the notice of hearing, and the agency abused its discretion by discrediting it. *See Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) ("[F]acts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable.").

The circumstances of this case, however, do not warrant granting the petition and remanding the matter to the BIA. Bernal-Lopez also moved to reopen under 8 U.S.C. § 1229a(c)(7)(C)(ii) to pursue an application for asylum. The agency denied that motion on the ground that Bernal-Lopez did not establish a prima facie case for relief. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (discussing independent grounds for denying a motion to reopen under 8 C.F.R. § 1003.2(c), including failure to demonstrate prima facie eligibility). Bernal-Lopez does not challenge the determination on any ground. This court need not remand to the agency when it "would be an idle and useless formality." *See Gutierrez-Zavala v. Garland*, 32 F.4th 806, 810 (9th Cir. 2022) (explaining the rule that remand is not necessary as it applies in the immigration context) (citation omitted). Considering that Bernal-Lopez does not challenge her removability or challenge the determination that she failed to establish prima facie eligibility for relief, this is not a case where "the denial [of a motion

to reopen] leads to the unconscionable result of deporting an individual eligible for relief." *Singh v. INS*, 295 F.3d 1037, 1040 (9th Cir. 2002).

**PETITION DENIED.**