NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELVIN ALEXI GARCIA-AVILA; EDITHA DANIELA RODRIGUEZ-LOPEZ; ANGELINA DARIANA GARCIA-RODRIGUEZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3678 <br><br> Agency Nos. <br> A220-939-611 <br> A220-939-612 <br> A220-939-613 <br><br> MEMORANDUM* |
| MELVIN ALEXI GARCIA-AVILA; EDITHA DANIELA RODRIGUEZ-LOPEZ; ANGELINA DARIANA GARCIA-RODRIGUEZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2898 <br><br> Agency Nos. <br> A220-939-611 <br> A220-939-612 <br> A220-939-613 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 13, 2025
San Francisco, California

Before: N.R. SMITH and JOHNSTONE, Circuit Judges, and CHRISTENSEN, District Judge.[**]

Petitioners Melvin Garcia-Avila (Garcia) and Edith Rodriguez-Lopez (Rodriguez), natives and citizens of Honduras, petition for review of (1) an order of the Board of Immigration Appeals (BIA) affirming without decision an immigration judge's (IJ) denial of asylum withholding of removal, and relief under the Convention Against Torture (CAT) and (2) an order of the BIA denying their motions to reopen based on changed country conditions and ineffective assistance of counsel.[1] We have jurisdiction under 8 U.S.C. § 1252, and we grant the petitions for review in part and deny in part and remand for further proceedings on an open record.

1. The agency's determination that the threats Garcia received did not rise to the level of past persecution was not reversible error. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (explaining that death threats "constitute 'persecution in only a small category of cases, and only when the

---

[**] The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

[1] Petitioners filed separate applications, listing their minor child as a derivative beneficiary.

threats are so menacing as to cause significant actual suffering or harm'" (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000))). However, the agency failed to provide a reasoned explanation for rejecting Garcia's well-founded fear of future persecution. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) ("We have long held that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions."). First, the agency erroneously assumed that, if the threats against Garcia did not amount to past persecution, such threats per se could not be the basis for a reasonable fear of future persecution. But threats insufficient to show past persecution may still be "evidence probative of the reasonableness of a fear of future persecution." *Gui v. INS*, 280 F.3d 1217, 1229 (9th Cir. 2002). The agency provided no independent analysis to support its finding that the credible, specific death threats against Garcia—which occurred during physical confrontations and caused him to go into hiding for six months and then to flee Honduras—do not give rise to a reasonable fear of future persecution. Second, the agency did not explain how the country condition evidence supported its conclusion that the government was unable or unwilling to protect Petitioners. The agency did not summarize or cite any document in the record, instead making a vague reference to the country condition evidence. This explanation was inadequate. *See De Leon v. Garland*, 51 F.4th 992, 1007 (9th Cir. 2022) (explaining that the agency's "virtually non-existent" or "completely non-existent"

3                                                                    24-2898

analysis of country reports was "inadequate"). Therefore, because we are unable to determine (from the IJ's limited explanation) how he reached his decision, we are unable to perform any meaningful review. *See Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc).

The agency's other findings as to future persecution are also not supported by substantial evidence. First, the record contains no evidence that Garcia's eight-year-old son is similarly situated to Garcia thus undermining Garcia's fear of future persecution. *See Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006) (explaining that it was irrelevant that petitioner's family members were not harmed, because they were not "similarly situated"). Second, the agency did not properly assess whether Garcia could relocate, because it only considered whether it was reasonable for Petitioners to relocate. *See Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019) (outlining that a "relocation analysis consists of two steps: (1) 'whether an applicant could relocate safely,' and (2) 'whether it would be reasonable to require the applicant to do so'" (quoting *Afriyie v. Holder*, 613 F.3d 924, 934 (9th Cir. 2010))).

Accordingly, we grant the petition for review as to Petitioners' asylum claims.[2] *See INS v. Ventura*, 537 U.S. 12, 16–17 (2002).

---

[2] Because we cannot conduct a meaningful review regarding Petitioners' asylum claims, we similarly cannot conduct a meaningful review of the agency's decision regarding withholding of removal or CAT relief.

2. "We review the BIA's denial of a motion to reopen for abuse of discretion." *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021) (citing *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008)).

A. Petitioners moved to reopen their asylum application based on changed country conditions and personal circumstances. Even though Petitioners filed a timely motion to reopen, they argued that the motion was based on changed country conditions under 8 U.S.C. § 1229a(c)(7)(C)(ii). Therefore, to prevail, Petitioners "must (1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) 'demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.'" *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (quoting *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)).

We cannot determine whether the BIA properly applied Petitioners' evidence to this legal standard.[3] Notably, the BIA referenced the statements of Petitioners' relatives who explained that criminal gang members were looking for Petitioners and when the gang members were not provided with information about

---

[3] The marriage of Rodriguez and Garcia would not constitute changed circumstances warranting reopening.

Petitioners, the gang members shot three people (including Rodriguez's uncle). Yet, the BIA then seemed to discount the veracity of these statements, noting that Petitioners did not provide a "police report, medical report, or similar reliable evidence regarding the circumstances alleged in the motion." However, we have "long held the BIA must credit evidence supporting a motion to reopen unless the facts asserted in that evidence are 'inherently unbelievable.'" *Singh v. Garland*, 124 F.4th 690, 698 (9th Cir. 2024) (quoting *Yang v. Lynch*, 822 F.3d 504, 508 (9th Cir. 2016)). Reviewing the BIA's decision, it is unclear whether the BIA properly credited the Petitioners' declarations as true. Moreover, because the agency did not properly assess Petitioners' asylum, withholding of removal, and CAT claims (as noted above) in the first instance, we are unable determine whether the BIA properly determined whether the evidence constituted changed country conditions. Accordingly, we grant the petition denying the motion to reopen and remand to the BIA to reconsider Petitioners' asylum claims on an open record.

B.     A motion to reopen on the basis of ineffective assistance of counsel must include: "1) an affidavit explaining the agreement with his prior counsel regarding his legal representation; 2) evidence that prior counsel has been informed of the allegations of ineffective assistance and given the opportunity to respond; and 3) either a showing that a complaint against prior counsel has been filed with the proper disciplinary authorities or an explanation of the reasons why

not." *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1123 (9th Cir. 2000) (quoting *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), *aff'd sub nom. Lozada v. INS*, 857 F.2d 10 (1st Cir. 1988)). We deny the petition as to this issue. Although Rodriguez technically complied with the *Lozada* requirements, she did not provide her former counsel an adequate "opportunity to respond" to Rodriguez's complaints. *See Reyes v. Ashcroft*, 358 F.3d 592, 594 (9th Cir. 2004). Notably, Rodriguez provided (at most) two business days for her former counsel to respond. Thus, the BIA's conclusion (that such amount of time was not adequate) was not an abuse of discretion.[4]

Although Rodriguez argues that the BIA was required to grant the motion to reopen just because the government did not oppose the motion, *In re Yewondwosen*, 21 I. & N. Dec. 1025 (BIA 1997) provides the BIA the discretion to waive a procedural defect, but it is not required to do so. *See Konstantinova v. INS*, 195 F.3d 528, 530–31 (9th Cir. 1999).

For all the above reasons, the petitions for review are **GRANTED** in part and **DENIED** in part and **REMANDED** to the BIA for further proceedings on an

---

[4] This record does not demonstrate clear and obvious ineffective assistance of counsel, which would excuse noncompliance with *Lozada*. *See Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000). Nor do we consider Rodriguez's newly raised argument that compliance should be excused because she did not have sufficient to time to comply with *Lozada*'s requirements. *See Santos-Zacarias v. Garland*, 598 U.S. 411, 416–23 (2023).

open record consistent with this disposition.

The parties shall bear their own costs for this petition for review.