NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FLORENCIA SANTIAGO-RAMIREZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2874

Agency No.
A200-288-825

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2025**
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.

Florencia Santiago-Ramirez ("Santiago-Ramirez"), a native and citizen of

Mexico, petitions for review of a decision by the Board of Immigration Appeals

("BIA") dismissing an appeal from an order by an Immigration Judge ("IJ")

ordering her removed and denying the parties' joint motion to remand. We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

Following an unopposed motion to remand this case from the Ninth Circuit to the BIA, the parties submitted a joint motion to remand the case from the BIA to the Immigration Court for additional factfinding, for Santiago-Ramirez to submit and litigate an application for cancellation of removal, and to address the effect of *Matter of Cruz-Valdez*, 28 I. & N. Dec. 326 (2021), on Santiago-Ramirez's argument that her case should be administratively closed. The BIA denied the joint motion to remand in part because Santiago-Ramirez did not submit an application for cancellation of removal with the motion to remand as required by 8 C.F.R. § 1003.2(c)(1). *See id*. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation."); *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir. 2003) (en banc) ("Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same.").

We review the BIA's denial of a motion to remand "for abuse of discretion, and this court defers to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law." *Reyes-Corado v. Garland*, 76 F.4th 1256, 1259 (9th Cir. 2023) (quotation marks, citation, and alteration omitted). The BIA did

_____

[1] The stay of removal remains in place until the mandate issues.

not abuse its discretion in denying the joint motion to remand based on Santiago-Ramirez's failure to submit an application for cancellation of removal as required by 8 C.F.R. § 1003.2(c)(1).  There is no dispute that the joint motion to remand did not comply with § 1003.2(c)(1), and the BIA acted within its discretion by denying the joint motion to remand on that ground.

Although Santiago-Ramirez concedes that she did not submit an application for cancellation of removal, she argues that the BIA abused its discretion because, under *In Re Yewondwosen*, 21 I. & N. Dec. 1025, 1027 (BIA 1997) (en banc), the BIA may grant a joint motion to remand despite a failure to attach the requisite application for relief.  Specifically, in *Yewondwosen*, the BIA held that "in cases where the alien has not strictly complied with the regulatory requirements . . . by failing to submit an application for relief in support of a motion to reopen or remand, but the Service affirmatively joins the motion, the Board (or an Immigration Judge) may reopen or remand in the interests of fairness and administrative economy."  *Id*.  Further, the BIA noted that "the parties have an important role to play in these administrative proceedings, and . . . their agreement on an issue or proper course of action should, in most instances, be determinative."  *Id*. at 1026.  Although Santiago-Ramirez is correct that the BIA could have overlooked her procedural violation, *Yewondwosen* clearly holds that such a decision is discretionary.

Here, the BIA did not abuse its discretion by declining to overlook Santiago-Ramirez's error. In 2020, the BIA denied Santiago-Ramirez's first request to remand to apply for cancellation of removal because she did not provide "a completed application for cancellation of removal with the required supporting materials," citing 8 C.F.R. § 1003.2(c)(1). Thus, at the time of the joint motion, Santiago-Ramirez was on notice that the BIA would enforce the requirements of § 1003.2(c)(1). Despite the BIA's prior decision, Santiago-Ramirez again failed to submit the required application for relief and any supporting documentation with the joint motion to remand.

Further, this case is distinguishable from *Yewondwosen* and *Konstantinova v. I.N.S.*, 195 F.3d 528, 530 (9th Cir. 1999). In *Yewondwosen*, the petitioner failed to file an application for relief with the joint motion to remand, but she did provide a copy of an approved visa petition as supporting documentation. 21 I. & N. Dec. at 1025. Similarly, in *Konstantinova*, the petitioner failed to file an application for relief with her unopposed motion to remand, but she did provide a copy of an approved visa petition as supporting documentation. 195 F.3d at 529–30. Here, Santiago-Ramirez did not file an application for cancellation of removal or any supporting documentation.[2]

---

[2] As the BIA's denial of remand is dispositive of Santiago-Ramirez's petition, we need not reach Santiago-Ramirez's other arguments regarding involuntary departure, administrative closure, and judicial estoppel.

**PETITION FOR REVIEW DENIED.**