# United States Court of Appeals
## For the First Circuit

No. 05-2248

EFRÁIN PALMA-MAZARIEGOS,

Petitioner,

v.

PETER D. KEISLER,[*] ACTING ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,
Selya, Senior Circuit Judge,
and Schwarzer,[**] Senior District Judge.

Stephen A. Lagana and Lagana & Associates on brief for petitioner.
Siu P. Wong, Office of Immigration Litigation, Department of Justice, Civil Division, Peter D. Keisler, Assistant Attorney General, and Terri J. Scadron, Assistant Director, on brief for respondent.

October 2, 2007

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Acting Attorney General Peter D. Keisler is substituted for former Attorney General Alberto R. Gonzales as respondent.

[**]Of the Northern District of California, sitting by designation.

**Per Curiam**.  Efrain Palma-Mazariegos, a Guatemalan national, entered the United States without permission in December 1991, and filed for asylum shortly after.  "Nothing happened" until the INS initiated removal proceedings some eight years later. Palma-Mazariegos v. Gonzales, 428 F.3d 30, 32 (1st Cir. 2005).  On October 6, 2003, an immigration judge rejected Palma's applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture, but granted voluntary departure.  The Board of Immigration Appeals ("BIA") affirmed on February 28, 2005, and this court denied a petition for review. Id.

On May 26, 2005, while his original petition for review was pending in this court, Palma filed with the BIA a timely motion to reopen proceedings; his wife had just become an American citizen in April 2005.  Palma had married her in November 2000 (a few months after his removal proceedings began), at which point she was a permanent resident.  Soon thereafter, on April 16, 2001, she filed an I-130 visa petition on his behalf.

As the spouse of a United States citizen, Palma was now an "immediate relative," 8 U.S.C. § 1151(b)(2)(A)(i) (2000), and thus exempt from the worldwide and numerical limitations imposed by 8 U.S.C. § 1151(a) on immigrant visas.  Id. § 1151(b).  Palma therefore sought a remand by the Board, so that he could apply for an adjustment of status under 8 U.S.C. § 1255(i), which allows

-2-

aliens physically present in the country to apply for permanent residence if (among other requirements) immigrant visas are "immediately available" to them.

The BIA denied on two grounds the motion to reopen. First, it found that Palma had not provided "clear and convincing" evidence that the marriage was bona fide, as is required under its decision in In re Velarde, 23 I. & N. Dec. 253, 256 (BIA 2002). Second, Palma did not submit with his motion a completed I-485 application to adjust status, as the regulations require. 8 C.F.R. § 1003.2(c).

Palma petitioned this court for review of the BIA's denial of his motion to reopen. He also filed with the BIA a motion to reconsider its decision. There was some confusion as to whether the latter motion was timely; the BIA initially denied the motion as time-barred but later, after sorting out the confusion, it appeared that negligence by the mail carrier was involved and the Board reconsidered the matter sua sponte and denied reconsideration on the merits.

In his brief in this court, Palma challenges both the denial of his motion to reopen, and the denial of his motion to reconsider, which he claims the BIA failed to adjudicate on the merits. But he appealed only the former order, and so we lack jurisdiction to consider the latter. Each denial constitutes a final BIA order that must be appealed independently. DaCosta v.

-3-

Gonzales, 449 F.3d 45, 50 n.4 (1st Cir. 2006); cf. Ven v. Ashcroft, 386 F.3d 357, 359 (1st Cir. 2004). Anyway, the BIA did consider--and reject on the merits--Palma's motion for reconsideration once it realized that "his failure timely to file [that motion] was due to the mail carrier's negligence."

Turning to the motion to reopen, we review for abuse of discretion, reversing only if the BIA's denial rested on an error of law or constituted arbitrary or capricious decision-making. Falae v. Gonzales, 411 F.3d 11, 14 (1st Cir. 2005).

Until recently, a motion to reopen to seek adjustment of status could only be granted if the visa petition on which the alien intended to base his status adjustment application had already been approved. Velarde, 23 I. & N. Dec. at 255. The BIA changed that policy, recognizing the unfairness caused by slow processing of visa petitions combined with strict filing deadlines for motions to reopen. Such motions may now be granted even on the basis of unadjudicated visa petitions if the alien meets a series of requirements, including the presentation of "clear and convincing evidence indicating a strong likelihood that the [alien's] marriage is bona fide." Id. at 256.

The requirement of clear and convincing evidence--which is important to this petition for review--is directed at the same purpose as the old requirement that the visa petition be approved in advance--to ensure that the motion reflects a genuine

-4-

entitlement to relief and is not merely a delay tactic. Because the marriage occurred after removal proceedings had begun, the same requirement would appear to apply--the rationale is different but obvious--even if the application had been filed before the removal order was issued by the immigration judge and Board. 8 C.F.R. § 245.1(c)(8)(iii)(F).

The BIA found that Palma had not presented "clear and convincing" evidence that his marriage was bona fide. As evidence, he submitted affidavits from himself and his wife, a joint lease, a utility bill in his name, a phone bill in his wife's name, his wife's car insurance policy, several joint tax returns, and some photos. The BIA found the bills and the insurance policy unconvincing since neither included the names of both Palma and his wife; it also noted the lack of evidence that assets or liability had been co-mingled during the marriage.

The Board's explanation is debatable. The fairly recent bills do suggest that Palma and his wife were residing at the same address, as does the lease (which dates back to 1999). Palma did not submit evidence of any joint bank accounts (at least not at this stage) but the couple did file joint taxes and his wife's affidavit indicates that she is unemployed and supported by Palma.[1]

---

[1]On appeal Palma attempts to explain why he was not listed on the insurance policy (he cannot drive due to medical problems), but that explanation offered for the first time on appeal comes too late.

In sum, there was no clear flaw or obvious discrepancy in the evidence. At the same time the clear and convincing evidence requirement is stiff and the Board did weigh the relevant factors and seems ultimately to have decided that the high threshold simply had not been crossed.

We need not resolve the matter because the BIA's second ground is more straightforward and is independently sufficient to justify the denial. The regulations explicitly mandate that a "motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c). Palma's motion to reopen was for the purpose of acting on an application for relief--to adjust status--yet was not accompanied by that application.

Although the BIA has on occasion granted motions notwithstanding the absence of a completed application for relief, that practice has been limited to situations where the government joins the motion and thus provides "a sufficient cure for the [alien's] procedural failure to submit a Form I-485." In re Yewondwosen, 21 I. & N. Dec. 1025, 1026 (BIA 1997). The BIA's willingness to overlook procedural default in those unique circumstances does not render an abuse of discretion its unwillingness to do so here.

The result appears harsh--Palma did submit his I-485 a few weeks later with his motion for reconsideration--but the requirement for the completed application was straightforward. The Board is already overwhelmed and, lest its proceedings be further delayed, is entitled to insist that the required documents be supplied at the outset. Even immigration proceedings must at some point come to an end.

The petition is <u>denied</u>.