

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2008

# Flores-Martinez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2739

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Flores-Martinez v. Atty Gen USA" (2008). *2008 Decisions.* Paper 842.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/842

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2739
_____

ANTONIO FLORES MARTINEZ,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A97-701-371)
Immigration Judge:  Honorable Donald V. Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 9, 2008
Before: SLOVITER, STAPLETON and COWEN, Circuit Judges

Opinion filed: July 15, 2008
_____

OPINION
_____

PER CURIAM

        Antonio Flores-Martinez, a native and citizen of Mexico, petitions for review of a

final order of removal.  We will deny the petition for review.

        Flores-Martinez arrived in the United States without having been admitted or

paroled in 2000. The Department of Homeland Security served Flores-Martinez with a Notice to Appear (NTA), charging him as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Flores-Martinez admitted the allegations in the NTA, conceded removability and sought relief in the form of voluntary departure, which the Immigration Judge ("IJ") granted on May 18, 2006.

On August 16, 2006 Flores-Martinez filed a motion to reopen to seek relief in the form of cancellation of removal due to the birth of his son in June, 2006. Flores-Martinez also alleged that the translator during his removal proceedings mistakenly informed his counsel that his entry date was 2000 instead of 1994. The IJ denied the motion because Flores-Martinez failed to include his application for cancellation of removal, did not meet the statutory requirements for cancellation of removal, and had not filed an affidavit with the Court explaining the translation mistake. Flores-Martinez filed an appeal with the Board of Immigration Appeals ("BIA") which adopted and affirmed the IJ's decision. The BIA agreed that Flores-Martinez neither filed an application for cancellation of removal nor established prima facie eligibility for cancellation of removal.

We review the BIA's decision and only review the IJ's decision to the extent that the BIA adopted the IJ's reasoning. See Zubeda v. Ashcroft, 333 F.3d 463, 475 (3d Cir. 2003). The denial of a motion to reopen may be reversed only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (citation omitted).

The BIA did not abuse its discretion in denying the motion to reopen. Flores-Martinez's assertion that he was not required to submit an application for cancellation of removal along with his motion to reopen is contrary to the regulations governing such motions. See 8 C.F.R. § 1003.23(b)(3). His explanation for non-compliance, that he was injured in a car accident rendering him incapable of assisting with the gathering of evidence, is unconvincing. Flores-Martinez never specifies what type of injuries he sustained or how they prevented him from assisting his counsel. Flores-Martinez also did not mention the accident before the IJ, where he could have requested a continuance in order to complete the application. Moreover, for the reasons stated by the BIA, Flores-Martinez's reliance on In re Yewondwosen, 21 I & N Dec. 1025 (BIA 1997) is misplaced. See Palma-Mazariegos v. Keisler, 504 F.3d 144, 147 (1st Cir. 2007).

The BIA also did not err in its determination that Flores-Martinez failed to make out a prima facie case for cancellation of removal. Under 8 U.S.C. § 1229b(b), the Attorney General may cancel removal if an alien: 1) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of the application; 2) has been a person of good moral character during such period; 3) has not been convicted of an offense under sections 1182(a)(2), 1227(a)(2) or 1227(a)(3); and 4) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. The BIA's determination

3

that Flores-Martinez failed to establish his physical presence in the United States for 10 years was not an abuse of discretion. The BIA properly held that Flores-Martinez's brother's letter and a letter from his attorney, alleging that he made a mistake in Flores-Martinez's date of entry, were insufficient to overcome his admission during removal hearings that he entered the country in 2000.[1]

For the above-stated reasons, we will deny the petition for review.

---

[1] In his brief, Flores-Martinez asks us to reinstate his voluntary departure period. We lack the jurisdiction to do so. See Reynoso-Lopez v. Ashcroft, 369 F.3d 275, 280 (3d Cir. 2004).