**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3346
_____

MOAZZAM MAJEED,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-609-230)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 8, 2012

Before: AMBRO, ALDISERT and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 10, 2012)
_____

OPINION
_____

PER CURIAM

    Moazzam Majeed petitions for review of an order of the Board of Immigration

Appeals ("BIA"), which denied his motion to reopen.  For the reasons that follow, we

1

will deny the petition for review.

Majeed is a citizen of Pakistan and was living in Punjab Province before leaving for the United States in 1993. He entered this country without inspection and was served with an order to show cause why he should not be deported pursuant to former Immigration and Nationality Act ("INA") § 241(a)(1)(A) [8 U.S.C. § 1251(a)(1)(A)]. He conceded deportability, and applied for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"), claiming that he was persecuted because of his membership in a political organization, the Muttahida Quami Movement ("MQM"). The Immigration Judge ("IJ") denied relief because Majeed failed to provide adequate corroborating material, because the State Department had determined that the MQM party is virtually non-existent in Punjab Province, and because of questions about Majeed's credibility.[1] On March 12, 2003, the BIA affirmed, without opinion, the IJ's decision. Majeed did not file a petition for review.

Almost eight years later, on January 18, 2011, Majeed filed a motion to reopen with the Board. He claimed that "a pattern and practice of persecution of Christians exists in Pakistan which did not exist at the time of . . . [his] original hearing." In support

---

[1] Although religious persecution was not included as a basis for relief in Majeed's applications, he testified that he is "not a Muslim any more," that his wife and family did not know that he had converted to Christianity, and that in Pakistan anyone "who changes their religion . . . [is] give[n] . . . three days to repent or the sentence is death." In the oral decision, the IJ noted that Majeed was "fearful of returning to Pakistan because he has converted to Christianity," but did not specifically consider a claim for relief based on religious persecution.

of the motion, Majeed submitted State Department Human Rights and Religious Freedom reports, as well as numerous news articles describing attacks on Christians in Pakistan during 2009 and 2010. As evidence of his religious convictions, Majeed provided his 1997 baptism certificate, a program from the baptism ceremony, and an affidavit stating that he is "a practicing Christian." Majeed argued that the IJ's prior adverse credibility determination, which related only to his claims of past persecution on account of his political opinion, was "irrelevant" to the claim of persecution based on his religion.

The Board denied the motion to reopen on August 3, 2011. The BIA noted that Majeed had "not presented any new evidence concerning his current status or practice regarding religion." According to the Board, the baptism certificate and ceremony program did not constitute previously unavailable evidence under 8 C.F.R. § 1003.2(c)(1) because those documents predated his March 1999 hearing before the IJ. The Board also noted that even accepting Majeed's proposition that the prior adverse credibility finding was not relevant to his religious persecution claim, Majeed "has not submitted new evidence that he practices Christianity now such that he may face persecution in Pakistan based on his religion and thus may now be eligible for asylum based on religion."[2]

---

[2] To the extent that the Board relied on the IJ's prior adverse credibility finding and questioned Majeed's current religious practices, we reject the Board's conclusions. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (noting that "[t]he legitimacy of an initial credibility determination does not . . . justify denial of all subsequent applications for asylum"); cf. Yang v. BIA, 440 F.3d 72, 74 (2d Cir. 2006) (stating that "[n]othing in the record suggests that Petitioner needed to present further evidence of his religious convictions").

Finally, the BIA faulted Majeed for failing to submit with his motion to reopen an asylum application based on religion or any "supporting documentation showing his prima facie eligibility for relief." Majeed filed a timely petition for review.

We have jurisdiction to review the BIA's denial of Majeed's motion to reopen.[3] INA § 242 [8 U.S.C. § 1252]; Totimeh v. Att'y Gen., − F.3d −, 2012 WL 89580, at *3 (3d Cir. Jan. 12, 2012). We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Generally, motions to reopen "are granted only under compelling circumstances" and are "'disfavored [because] . . ., as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.'" Guo v. Ashcroft, 386 F.3d 556, 561-62 (3d Cir. 2004) (quoting INS v. Doherty, 502 U.S. 314, 323 (1992)).

---

[3] An alien generally must file a motion to reopen within 90 days of the entry of the final order of removal. INA § 240(c)(7)(C)(i) [8 U.S.C. § 1229a(c)(7)(C)(i)]; 8 C.F.R. § 1003.2(c)(2). The BIA properly concluded that Majeed's motion to reopen was time-barred. He argued, however, that "conditions in Pakistan have fundamentally changed, indeed significantly worsening." INA § 240(c)(7)(C)(ii) [8 U.S.C. § 1229a(c)(7)(C)(ii)] (providing that time limit does not apply to motions that rely on evidence of "changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding"); see also 8 C.F.R. § 1003.2(c)(3). Although the Board specifically declined to address this argument, it did not, as Majeed asserts, "abdicate[] its responsibility to act as a factfinder in the first instance." Rather, as explained below, the BIA properly denied Majeed's motion to reopen because he failed to establish prima facie eligibility for the relief sought. See Huang v. Att'y Gen., 620 F.3d 372, 389-90 (3d Cir. 2010).

4

Pursuant to INA § 240(c)(7)(B), the "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(B) [8 U.S.C. § 1229a(c)(7)(B)]. In addition, the regulations provide that "[i]n conjunction with a motion to . . . reopen pursuant to § 1003.2 . . ., an initial asylum application shall be filed with the Board of Immigration Appeals if jurisdiction over the proceedings is vested in the Board of Immigration Appeals." 8 C.F.R. § 1208.4(b)(4). Significantly, in this connection, "[a] motion to reopen proceedings for the purpose of submitting an application for relief *must be accompanied by the appropriate application for relief* and all supporting documentation." 8 C.F.R. § 1003.2(c)(1) (emphasis added).

Majeed argues that § 1003.2(c)(1) did not require that he submit an asylum application because his "motion to reopen sought to amend his previously submitted asylum application." He claims that his "motion [to reopen] relied on the same underlying basis as his prior application." We disagree. Majeed's first asylum application was premised solely on alleged political persecution. His motion to reopen was wholly based on changed country conditions in Pakistan potentially demonstrating an increased risk of persecution of Christians. Importantly, Majeed's motion to reopen was not "accompanied by the appropriate application for relief," as required by the plain language of § 1003.2(c)(1). Under these circumstances, we cannot say that the BIA abused its discretion in denying the motion to reopen for failure to establish prima facie eligibility for the relief sought. See Jiang v. Holder, 639 F.3d 751, 757 (7th Cir. 2011)

(stating that BIA would be within its discretion to deny motion to reopen for failure for submit a new asylum application); <u>Waggoner v. Gonzales</u>, 488 F.3d 632, 639 (5th Cir. 2007) (holding that BIA did not abuse its discretion in denying motion to reopen "based upon changed country conditions in Fiji indicating an increased risk of violence against Indo-Fijians" where the petitioner did not submit an appropriate application for relief); <u>cf. Palma-Mazariegos v. Keisler</u>, 504 F.3d 144, 147 (1st Cir. 2007) (approving of BIA's denial of motion to reopen because it was not accompanied by application for adjustment of status).

For the foregoing reasons, we will deny the petition for review.