NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2735
_____

BESNIK KORBECI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078 511 545)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2012

Before: RENDELL, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed: December 5, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Besnik Korbeci petitions for review of an order of the Board of Immigration

Appeals ("BIA" or "Board"), which denied his motion to reopen removal proceedings.

We will deny the petition for review.

Korbeci is a native and citizen of Albania. He entered the United States at the end of 2000, and was charged with removability for being present in the United States without having been admitted or paroled. Korbeci applied for asylum and related relief, based on his allegations that he had been persecuted due to his political opinion. The Immigration Judge ("IJ") denied relief, finding that Korbeci's testimony was not credible. The BIA affirmed without opinion. On Korbeci's petition for review, we noted the IJ's finding that Korbeci had submitted a fraudulent newspaper article in support of his claims, and that Korbeci had not challenged that finding. We thus stated that we could not "conclude that a reasonable fact-finder would be compelled to conclude that the article was genuine." Besnik[1] v. Ashcroft, 112 F. App'x 180, 185 (3d Cir. 2004). We also noted that "[a] finding that Besnik submitted false evidence to bolster his asylum claim would logically cast doubt on his credibility as a whole, and we find that substantial evidence supported the IJ's credibility determination." Id.

In September of 2011, Korbeci filed a motion to reopen, based on "new and material evidence and changed country conditions in Albania." A.R. 14. The motion included a declaration by Korbeci's attorney; numerous news articles; an expert report and curriculum vitae of Professor Julie Mertus; and birth, marriage, and naturalization certificates for Korbeci's family members. The BIA denied the motion, stating that it was untimely, and that it did not meet an exception to the timeliness requirements, as

---

[1] There is some confusion in the record regarding whether Petitioner's name is "Besnik Korbeci" or "Korbeci Besnik." Compare A.R. 368 with A.R. 1-2. Our previous opinion

2

Korbeci had "not demonstrated changed conditions in Albania that materially affect his eligibility for asylum, withholding of removal, and protection under the Convention Against Torture." JA1-6. Korbeci filed a timely petition for review.[2]

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a), and we review a decision denying a motion to reopen for abuse of discretion. Guo v. Ashcroft, 386 F.3d 556, 561-62 (3d Cir. 2004). We uphold the Board's factual determinations underlying the denial of the motion to reopen if they are "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Zheng v. Att'y Gen., 549 F.3d 260, 266 (3d Cir. 2008) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). Put another way, such determinations must be upheld unless the evidence presented would compel a reasonable factfinder to reach a contrary result. 8 U.S.C. § 1252(b)(4)(B); Guo, 386 F.3d at 561.

A motion to reopen generally must be "filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Korbeci's motion was filed beyond the 90 days. However, as the BIA noted, there is an exception to the time requirements for motions to reopen if the movant shows "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(2)(3)(ii).

---

treated Besnik as the last name, but it appears the last name is actually Korbeci.
[2] Korbeci mistakenly filed the petition in the United States Court for the Second Circuit,

3

Korbeci argues that the BIA abused its discretion in failing to reopen his proceedings, as he established changed country conditions. We disagree.

Although Korbeci's evidence may have established changed country conditions, the BIA noted that Korbeci had "neither submitted nor identified any evidence addressing the full breadth of the Immigration Judge's reasoning, namely that [he] failed to provide credible testimony and evidence in support of his claim, which was not reversed by the Board and was upheld by the United States Court of Appeals for the Third Circuit." JA1-6. Korbeci argues that it does not matter that he failed to address the adverse credibility finding, because "the IJ specifically stated in her decision that Mr. Korbeci's membership in the Democratic Party itself was not at issue during the hearing," and that the fact of his membership "alone, when considered in light of the new and material evidence submitted with the motion, warrants reopening." Pet. Br. at 14. It is true that the IJ stated, "there never really has seemed to have been much of an issue about whether [Korbeci] might have ever joined the Democratic Party," JA1-12, but the evidence submitted with Korbeci's motion to reopen does not support a conclusion that Democratic Party membership, without more, would subject an Albanian to persecution. In other words, if we: (1) consider that Korbeci is, or was, a Democratic Party member; (2) disbelieve Korbeci's prior testimony (as we must in this procedural posture); and (3) consider the articles and expert report that Korbeci submitted, we are not compelled to find that Korbeci established a prima facie case for reopening. See Khan v. Att'y Gen., 691 F.3d

---

but that Court transferred the case to us upon the Government's motion.

488, 497 (3d Cir. 2012) (evidence submitted with motion to reopen was not "material" where it did not rebut adverse credibility finding).

Korbeci also argues that the BIA violated his right to due process, as it failed to consider all the evidence submitted. Again, we disagree. The BIA clearly considered the expert report and articles that Korbeci submitted, but it found that Korbeci had not established a prima facie case for reopening. Cf. Zheng v. Att'y Gen., 549 F.3d 260, 268-69 (3d Cir. 2008) (remanding where BIA "fail[ed] to discuss most of the evidentiary record" in connection with a motion to reopen).[3]

Korbeci also argues that the BIA erred in criticizing his motion to reopen for failure to submit an application for asylum. He argues that he did not need to file a new application, because the "underlying reasons for the Petitioner's claim remains the same: Mr. Korbeci fears persecution due to his political activism and party affiliations." Pet. Br. at 14. We note, however, that a motion to reopen "must be accompanied by the appropriate application for relief." 8 C.F.R. § 1003.2(c)(1). Although we need not reach the issue here, a number of our sister courts have found that the BIA would not abuse its discretion in denying a motion to reopen for failure to submit an appropriate application. See Jiang v. Holder, 639 F.3d 751, 757 (7th Cir. 2011); Waggoner v. Gonzales, 488 F.3d

---

[3] Korbeci also argues that his due process rights were violated because the IJ failed to act as a neutral arbiter in his proceedings; however, we lack jurisdiction to review the underlying proceedings. The decisions are independently reviewable, and a petition for review must be timely filed from each decision. Nocon v. INS, 789 F.2d 1028, 1033 (3d Cir. 1986). Additionally, we note that we reviewed the underlying proceedings when we denied Korbeci's 2003 petition for review. (C.A. No. 03-3428).

5

632, 639 (5th Cir. 2007); <u>Palma-Mazariegos v. Keisler</u>, 504 F.3d 144, 147 (1st Cir. 2007).

For the foregoing reasons, we will deny the petition for review.