Sherpa v. Lynch

BIA
A087 774 371

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of August, two thousand sixteen.

PRESENT:
        ROBERT D. SACK,
        RICHARD C. WESLEY,
        PETER W. HALL,
            *Circuit Judges.*

_____

SHER LAKPA SHERPA,
        *Petitioner,*

        v.                                          15-661
                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry,
                         New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Julie M.
                         Iversen, Senior Litigation Counsel;
                         Jeffrey R. Meyer, Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sher Lakpa Sherpa, a native and citizen of Nepal, seeks review of a February 12, 2015, BIA decision denying his motion to reopen. *In re Sher Lakpa Sherpa,* No. A087 774 371 (B.I.A. Feb. 12, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, "mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). This time limitation may be excused if the motion to reopen is made to apply or reapply for relief "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous

proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *accord* 8 C.F.R. § 1003.2(c)(3)(ii).  Irrespective of whether this exception applies, the motion "must be accompanied by the appropriate application for relief."  8 C.F.R. § 1003.2(c)(1).

Sherpa's 2014 motion to reopen was untimely.  It sought asylum, withholding of removal, and CAT relief based on changed conditions in his native Nepal, but did not include a new application for relief.  The BIA did not abuse its discretion by requiring a new application.  8 C.F.R. § 1003.2(c)(1); *see Lin Xing Jiang v. Holder*, 639 F.3d 751, 757 (7th Cir. 2011); *Palma-Mazariegos v. Keisler*, 504 F.3d 144, 147 (1st Cir. 2007); *Waggoner v. Gonzales*, 488 F.3d 632, 639 (5th Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3