**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAJADDIN RAFAIL ALIYEV, *Petitioner*, v. WILLIAM P. BARR, Attorney General, *Respondent*. | No. 19-72701 Agency No. A098-516-120 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2020[*]
San Francisco, California

Filed August 24, 2020

Before: Susan P. Graber, Richard C. Tallman, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Graber

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

Granting Tajaddin Aliyev's petition for review of the Board of Immigration Appeals' decision denying his second motion to reopen asylum proceedings based on changed country conditions, and remanding, the panel held that the Board abused its discretion by determining that a non-citizen who seeks to reopen an earlier application for relief, and attaches that application to the motion, has failed to attach the "appropriate application for relief" as required by 8 C.F.R. § 1003.2(c)(1).

Aliyev sought to reopen proceedings for consideration of the same basis for asylum relief he asserted in his original asylum application—political opinion—in light of changed country conditions. The panel explained that the plain and unambiguous text of § 1003.2(c)(1) does not require someone in Aliyev's shoes to attach a new application for relief to a motion to reopen. Rather, it requires that a non-citizen who moves to reopen proceedings "for the purpose of submitting an application for relief" attach to that motion the "appropriate application for relief." In this circumstance, the panel concluded that the "appropriate application for relief" was Aliyev's original asylum application, which he attached to and referenced throughout his motion.

In a concurrently filed memorandum disposition, the panel addressed how the Board erred by concluding, in the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

alternative, that Aliyev did not show the changed country conditions necessary to avoid 8 C.F.R. § 1003.2(c)(2)'s time and number bars on his second motion to reopen, and also addressed two other petitions arising from Aliyev's journey through the immigration courts.

## COUNSEL

Corrine Nikolenko, Nashia, New Hampshire; Michael W. Schoenleber, Schoenleber & Waltermire PC, Sacramento, California; for Petitioner.

Joseph Hunt, Assistant Attorney General; Virginia Lum, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; Nancy Friedman, Senior Litigation Counsel, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

GRABER, Circuit Judge:

Petitioner Tajaddin Aliyev, a native of the Soviet Union and a citizen of Azerbaijan, seeks review of the Board of Immigration Appeals' ("BIA") denial of his second motion to reopen his asylum proceedings. Relying on 8 C.F.R. § 1003.2(c)(1), which requires that a non-citizen attach the "appropriate application for relief" to a motion to reopen, the BIA denied Petitioner's motion because he did not attach a new asylum application to it. Petitioner did, however, attach his prior asylum application—the one he sought to reopen.

We have jurisdiction under 8 U.S.C. § 1252. We hold that the BIA abused its discretion by determining that a non-citizen who seeks to reopen an earlier application for relief and attaches that application to the motion has failed to attach the "appropriate application for relief" as required by § 1003.2(c)(1). *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) (holding that we review for abuse of discretion the BIA's denial of a motion to reopen). We therefore grant the petition and remand.[1]

For our purposes in this opinion, the events that befell Petitioner in Azerbaijan and that led him to come to the United States do not affect our analysis. To make a long story short, Petitioner fled Azerbaijan in 2003 and entered the United States in October of that year. In 2004, he timely applied for asylum, fearing persecution on account of political opinion. An immigration judge denied asylum and all other forms of relief, and the BIA affirmed. Petitioner filed his first motion to reopen in 2015, which the BIA denied.

In 2018, Petitioner filed a second motion to reopen, contending that changed conditions in Azerbaijan justified the untimely second motion, supported his fear of persecution on account of political opinion, and required the agency to grant his asylum application. As relevant here, the BIA denied that motion because Petitioner failed to submit a new asylum

---

[1] In a concurrently filed memorandum disposition, we explain how the BIA erred by concluding, in the alternative, that Petitioner did not show the changed country conditions necessary to avoid § 1003.2(c)(2)'s time and number bars on his second motion to reopen. We also resolve two other petitions arising from Petitioner's journey through the immigration courts.

application with the motion, even though he attached his relevant 2004 asylum application and referred to that application throughout his motion and even though the basis for the asylum application—political opinion—was the same as in 2004. The BIA cited § 1003.2(c)(1), which provides, in relevant part: "A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." Petitioner timely sought our review.

The plain and unambiguous text of § 1003.2(c)(1) does not require someone in Petitioner's shoes to attach a new application for relief to a motion to reopen. Instead, it requires that a non-citizen who moves to reopen proceedings "for the purpose of submitting an application for relief" attach to that motion the "*appropriate* application for relief." *Id.* (emphasis added). The adjective "appropriate" is not defined in the regulations. Accordingly, we rely on its ordinary meaning. *United States v. Bibbins*, 637 F.3d 1087, 1091 (9th Cir. 2011). "Appropriate" means "suitable or proper in the circumstances." *New Oxford American Dictionary* at 77 (3d ed. 2010).

Here, Petitioner sought only to reopen his prior asylum application because he believed that changed conditions in Azerbaijan revived his previously denied claim for asylum, and he sought asylum on precisely the same ground, political opinion, as he had in his 2004 application. Petitioner attached to his motion to reopen his prior asylum application (along with evidence of the changed conditions in Azerbaijan). In this circumstance, the prior asylum application that Petitioner sought to reopen is the "suitable or proper" application to attach. Both from the text of the regulation and from a

practical standpoint, it makes no sense to require someone in Petitioner's shoes to submit a new asylum application that is identical to the earlier application. Indeed, the government offers no textual defense of the BIA's interpretation.

To our knowledge, no published decision has analyzed the meaning of "appropriate application for relief" in the circumstances present in this case. The decisions that cite the pertinent sentence of § 1003.2(c)(1) feature analytically distinct circumstances. For example, in *Gen Lin v. Attorney General*, 700 F.3d 683, 689 n.5 (3d Cir. 2012), the Third Circuit upheld the BIA's denial of a motion to reopen where the petitioner "did not file an accompanying application for relief of any kind." By contrast here, Petitioner did attach the relevant application for relief to his motion to reopen.

In other cases, the petitioner was denied one or more forms of immigration relief and later moved to reopen proceedings to seek an entirely *different* type of relief that the petitioner had *not* sought previously. *See, e.g.*, *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (new request for adjustment of status); *Palma-Mazariegos v. Keisler*, 504 F.3d 144, 147 (1st Cir. 2007) (per curiam) (same); *Waggoner v. Gonzales*, 488 F.3d 632, 639 (5th Cir. 2007) (new request for asylum); *see also Konstantinova v. INS*, 195 F.3d 528, 530–31 (9th Cir. 1999) (holding that the BIA abused its discretion by rejecting, under the predecessor regulation to § 1003.2(c)(1), an unopposed motion to remand, even when the form of relief sought was new); *Matter of Yewondwosen*, 21 I. & N. Dec. 1025, 1027 (BIA 1997) (holding, under the predecessor regulation to § 1003.2(c)(1), that the BIA may grant a procedurally defective motion to remand if the government "affirmatively joins the motion"). Similarly, in *Lin Xing Jiang v. Holder*, 639 F.3d 751, 753–54

(7th Cir. 2011), the Seventh Circuit suggested in dictum that the petitioner had failed to follow § 1003.2(c)(1) where the petitioner originally applied for asylum on one ground, unrelated to her religion, and later moved to reopen on an entirely new ground for asylum: "persecution based on her Catholic religion." In all of those circumstances, the "appropriate application for relief" would, of course, be new because the petitioner had not applied earlier for the particular form of relief for which he or she sought to reopen proceedings.[2]

Those cases thus do not resolve the question before us. For all of the reasons described above, when a petitioner seeks to reopen proceedings as to the original claim, nothing in § 1003.2(c)(1) requires the petitioner to attach a new application for relief instead of his initial (relevant)

---

[2] The government cites several of our unpublished dispositions, but those decisions are not precedential. *See* 9th Cir. Rule 36-3(a) ("Unpublished dispositions and orders of this Court are not precedent."). Additionally, because the recitation of the facts is brief or non-existent, we cannot determine whether those decisions involved the precise circumstances here or whether they involved, as with the published decisions described in text, circumstances in which the petitioner sought reopening on a new ground. *See, e.g.*, *Hart v. Massanari*, 266 F.3d 1155, 1177–78 (9th Cir. 2001) (holding that an unpublished "disposition is not written in a way that will be fully intelligible to those unfamiliar with the case, and the rule of law is not announced in a way that makes it suitable for governing future cases"). Moreover, none of the dispositions offered any analysis beyond recitation of the regulatory text. In sum, our decision today likely is fully consistent with our earlier dispositions; to the extent that our decision conflicts with our earlier dispositions, we are unpersuaded by their terse analyses.

application for relief. The BIA therefore abused its discretion by denying Petitioner's motion to reopen on that ground.

**PETITION GRANTED AND REMANDED.**