**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLON FUENTE-ALVARADO, | No.   20-73710 |
| Petitioner, | Agency No. A094-288-428 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2021**
Pasadena, California

Before:  BERZON and BEA, Circuit Judges, and BENNETT,*** District Judge.

Marlon Fuente-Alvarado ("Alvarado"), a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his application for withholding of removal and relief under the Convention

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Against Torture ("CAT"). This Court has jurisdiction pursuant to 8 U.S.C. § 1252. We deny Alvarado's petition as to his due process claim and his challenge to the agency's adverse credibility determination. We grant Alvarado's petition for review of the denial of his application for withholding of removal based on the classification of his conviction under California Penal Code § 422 as a particularly serious crime. We also grant Alvarado's petition as to the denial of his Convention Against Torture claim and the denial of his motion to reopen proceedings.

**1. Due Process:** Alvarado's claim that the Immigration Judge ("IJ") was biased is without merit. Allegations of judicial bias are evaluated under "the constitutional due process requirement that the hearing be before a fair and impartial arbiter," and are reviewed de novo. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921, 925 (9th Cir. 2007) (quoting *In re Exame*, 18 I&N Dec. 303, 306 (BIA 1982)). Alvarado claims that the IJ's high rate of denials and aggressive cross-examination demonstrate unconstitutional bias. This argument is unavailing, as "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *In re Exame*, 18 I. & N. Dec. at 306 ("[A]n immigration judge's rulings in the same or similar cases do not ordinarily form a basis upon which to allege bias."). Additionally, as the Immigration and Nationality Act directs Immigration Judges to "cross-examine the alien and any witnesses," 8 U.S.C. § 1229a(b)(1), "aggressive[]" and "harsh[]" questioning does not "rise to the

2

level of a due process violation," *Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003); *Antonio-Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir. 1998).

**2. Credibility:** Substantial evidence supports the IJ's adverse credibility determination. An adverse credibility determination is a factual finding reviewed for substantial evidence, *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and is therefore "'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary,'" *Villavicencio v. Sessions*, 904 F.3d 658, 663–64 (9th Cir. 2018) (quoting *Young v. Holder*, 697 F.3d 976, 981 (9th Cir. 2012) (en banc)). An IJ must consider "the totality of the circumstances, and all relevant factors" when evaluating an applicant's credibility, 8 U.S.C. § 1158(b)(1)(B)(iii), and must "'provide specific and cogent reasons in support of an adverse credibility determination'" by referring to "specific instances in the record." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (quoting *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009)).

In this case, the BIA affirmed the IJ's adverse credibility finding based on clear inconsistencies between Alvarado's interview with the asylum officer and his testimony before the IJ—including the details of the attacks he allegedly experienced in Honduras and whether he had previously been a member of a Los Angeles street gang. The IJ provided Alvarado an opportunity to address these inconsistencies, but he failed to provide any meaningful explanation. Accordingly, substantial evidence

3

supports the adverse credibility determination. *See, e.g.*, *Shrestha*, 590 F.3d at 1048 (upholding adverse credibility finding based on "inconsistent testimony for which there was no explanation or corroboration"); *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007).

**3. Particularly Serious Crime:** The BIA abused its discretion by finding that Alvarado's conviction under California Penal Code § 422 is a particularly serious crime that precludes withholding of removal. To determine whether an offense is a particularly serious crime, the BIA considers: "'(1) the nature of the conviction,' (2) 'the type of sentence imposed,' and (3) 'the circumstances and underlying facts of the conviction.'" *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (quoting *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007)); *see also In re Frentescu*, 18 I. & N. Dec. 244 (B.I.A. 1982). The BIA's finding is reviewed for an abuse of discretion. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) ("Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." (quoting *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010)) (internal quotations and alterations omitted)).

Although the BIA properly held that the elements of California Penal Code § 422 bring it "within the ambit of a potentially particularly serious crime," the BIA's holding that the IJ correctly relied on the length of petitioner's sentence is belied by the record. Petitioner was sentenced to 364 days in county jail, which is

4

not a felony sentence. He served only four and a half months of this sentence and was later successful in expunging his conviction. Accordingly, "the type of sentence imposed" does not suggest that Alvarado's conviction constitutes a particularly serious crime. Moreover, the IJ's focus on the portion of Alvarado's sentencing order mandating that he not "associate with any gang members[,] including the Florencia 13 gang" was speculative, as the judge did not find that Alvarado was a gang member or that his crime was gang related. Bare speculation cannot substitute for an analysis of "the circumstances and underlying facts of the conviction." Relying on this evidence to classify Alvarado's conviction as a particularly serious crime was an abuse of discretion.

**4. Convention Against Torture:** The BIA's denial of Alvarado's CAT claim is not supported by substantial evidence.[1] Relief under the CAT is mandatory if an immigrant can establish that "'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Hamoui v. Ashcroft*, 389 F.3d 821, 826 (9th Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)). "In rendering a

---

[1] We reject Respondent's contention that any review of Alvarado's initial CAT claim has been waived. Although this Court does not ordinarily consider issues that are not raised in the appellant's opening brief, we may review such an issue (1) "if a failure to do so would result in manifest injustice;" (2) "when it is raised in the appellee's brief;" or (3) "if the failure to raise the issue properly did not prejudice the defense of the opposing party." *Etemadi v. Garland*, 12 F.4th 1013, 1027 (9th Cir. 2021) (quoting *Koerner v. Grigas*, 328 F.3d 1039, 1048–49 (9th Cir. 2003)). All three exceptions are applicable here.

decision about the likelihood of future torture, the BIA is required to consider 'all evidence relevant to the possibility of future torture.'" *Dawson v. Garland*, 998 F.3d 876, 882 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.16(c)(3)). The BIA's denial of CAT relief is reviewed for substantial evidence and may be reversed if the agency failed to consider all relevant evidence of torture. *Cole v. Holder*, 659 F.3d 762, 770–71 (9th Cir. 2011).

The BIA affirmed the denial of Alvarado's CAT claim by observing that his testimony was discredited, and his country conditions evidence did not support a claim that an individual with suspected gang tattoos would be targeted for torture. However, the record in this case also contains certified medical records that describe trauma symptoms consistent with Alvarado's alleged assault by Honduras military. As these records are relevant to the possibility of future torture, the BIA erred by failing to address them in the context of his torture claim. *See Kamalthas v. INS*, 251 F.3d 1279, 1283–84 (9th Cir. 2001) (holding that the BIA must independently analyze evidence that is probative of torture, even if that evidence was considered as part of an adverse credibility determination in the asylum context).

**5. Motion to Reopen Proceedings:** The BIA abused its discretion by denying Alvarado's motion to reopen proceedings before an IJ for further consideration of his CAT claim. A motion to reopen proceedings must be supported by new evidence that was not available during the initial hearing, *INS v. Doherty*, 502 U.S. 314, 323–

6

25 (1992), and the BIA's denial of such a motion is reviewed for abuse of discretion. *Aliyev v. Barr*, 971 F.3d 1085, 1085–86 (9th Cir. 2020). This Court has previously held that overreliance on an adverse credibility determination made in the asylum context to "wash over" a CAT claim is an abuse of discretion. *See, e.g.*, *Kamalthas*, 251 F.3d at 1283–84; *Etemadi*, 12 F.4th at 1025–26; *Guan v. Barr*, 925 F.3d 1022, 1035 (9th Cir. 2019). In support of his motion, Alvarado provided evidence that his cousin was murdered by gang members in Honduras during the pendency of his appeal to the BIA. This evidence included an inhumation report, death records, and statements by Alvarado's family members. The BIA declined to reopen proceedings on the basis that this new evidence failed to overcome the IJ's adverse credibility determination. However, Alvarado's lack of credibility at his initial hearing, which addressed distinct issues and occurred earlier in time, has little bearing on the documentary evidence he offers in support of his cousin's murder. Denying Alvarado's motion and discrediting this evidence without further inquiry was an abuse of discretion. *See Enying Li v. Holder*, 738 F.3d 1160, 1167 (9th Cir. 2013) ("The maxim *falsus in uno, falsus in omnibus* should not be applied when the truthfulness of the witness has no bearing on the claim, as is the case when the claim is based on [provable] fact . . . ." (emphasis in original)).

Alvarado's petition for review is **GRANTED** in part and **DENIED** in part. This case is **REMANDED** to the BIA, with all costs allocated to the Government.

On remand, the BIA is instructed to revisit the classification of Alvarado's conviction under Cal. Penal Code § 422 as a particularly serious crime, to grant his motion to reopen proceedings, and to remand his CAT claim to an Immigration Judge for further analysis.

**PETITION FOR REVIEW GRANTED in part and DENIED in part; CASE REMANDED.**