**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELPIDIO RAMIREZ DORANTES, AKA
Elipdio Ramirez Dorantes, AKA Elpidio
Dorantes Ramirez,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 17-72513

Agency No. A087-747-721

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2022[**]
San Francisco, California

Before:  W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

Elpidio Ramirez Dorantes ("Ramirez"), a citizen and native of Mexico,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

denying his second motion to reopen his removal proceedings.  We have

jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

Reviewing for abuse of discretion, *Aliyev v. Barr*, 971 F.3d 1085, 1085–86 (9th Cir. 2020), we deny the petition.

## I

In 2014, an Immigration Judge ordered Ramirez removed to Mexico and denied his application for cancellation of removal and for voluntary departure. The BIA dismissed Ramirez's appeal in July 2015, and no petition for review of that order was filed in this Court. In October 2015, Ramirez filed a motion to reopen his removal proceedings, arguing that he had been prejudiced by ineffective assistance of counsel. The BIA denied that motion, and this court denied in part and dismissed in part Ramirez's petition for review in April 2017. *Ramirez-Dorantes v. Sessions*, 688 Fed. App'x 432, 433 (9th Cir. 2017).

One month after our decision, Ramirez filed a second motion to reopen before the BIA, arguing that, due to changed country conditions, he was now entitled to asylum, withholding of removal, and protection under the Convention Against Torture ("Torture Convention"). The BIA denied the motion. This timely petition for review followed.

## II

Ordinarily, an alien is allowed to file only one motion to reopen, which must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see also id.* § 1229a(c)(7)(A). However,

2

the statute and regulations allow a later or successive motion to be filed if, *inter alia*, the purpose of the motion is to apply for asylum or withholding of removal based on "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). In addition, the alien must present sufficient evidence to establish a prima facie case for at least one form of relief requested. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016). The BIA held that Ramirez failed to satisfy either requirement. Reviewing for abuse of discretion, *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014), we agree.

## A

The BIA did not abuse its discretion in concluding that Ramirez had failed to show that, between the time of his 2014 removal hearing and his 2017 second motion to reopen, country conditions in Mexico had materially changed. *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016).

In asserting such a change, Ramirez relied on (1) a May 2017 declaration from his brother stating that, "some time ago," he was forced to close his business in Acapulco due to extortion and violence against his and neighboring businesses; and (2) the State Department's 2016 country report for Mexico, which Ramirez

3

contended showed a "catastrophic" increase in cartel- and gang-related violence.[1]

The BIA properly noted that, because Ramirez's brother's declaration did not specify how long ago the violence against his business had occurred, Ramirez had failed to show that this information could not have been presented earlier, as required by the statute and regulations. With respect to Ramirez's reliance on the 2016 country conditions report, the BIA took administrative notice of the State Department's 2013 report (which was available at the time of Ramirez's 2014 hearing) and reasonably concluded that it reflected similar levels of violence in Mexico.[2]

**B**

To establish a prima facie case, Ramirez had to present sufficient evidence to show "a reasonable likelihood that the statutory requirements for relief have been satisfied." *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (citation omitted). To support reopening as to asylum or withholding of removal,[3] Ramirez

---

[1] Ramirez also submitted declarations from himself and members of his family, but these were limited to rehashing the facts concerning his previously rejected ineffective assistance of counsel claim. The BIA correctly concluded that these materials provided no basis for reopening here.

[2] As the Government notes in its answering brief, the BIA's order contains a typographical error and mistakenly refers in one instance to "violence in El Salvador" when discussing the country conditions in Mexico. Ramirez did not raise this error in his opening brief and has thereby forfeited any reliance on it.

[3] In his opening brief, Ramirez does not contend that he presented a prima facie case for relief under the Torture Convention before the BIA. Instead, he argues

4

therefore had to show, *inter alia*, that he would face persecution on account of a protected ground. The BIA acted within its discretion in determining that Ramirez had failed to do so. It reasonably concluded that Ramirez had failed to show that the harms experienced by his brother, and Ramirez's fears arising from those harms, were based on a protected ground, as opposed to general crime within the society. *See, e.g., Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) ("Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground."). Further, the BIA properly noted that Ramirez had not shown any threats against himself or any other factual basis establishing eligibility for relief.

The petition for review is **DENIED.**

---

that it would violate due process not to allow him the "opportunity" to establish such a claim now. Ramirez, however, does not explain how he was deprived of an opportunity to present a prima facie case for a Torture Convention claim before the BIA, and he has therefore failed to establish any due process violation.