**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISMAEL SANCHEZ OVIEDO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1394

Agency No.
A200-244-471

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Petitioner Ismael Sanchez Oviedo, a citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals (BIA) denying his motion to reopen based on changed circumstances in Mexico. We have jurisdiction under 8 U.S.C. § 1252(b)(6). We review the agency's denial of a motion to reopen for abuse of discretion. *See Aliyev v. Barr*, 971 F.3d 1085, 1085–86 (9th Cir. 2020). We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

1. The BIA issued Sanchez Oviedo's final removal order on April 19, 2019. On February 5, 2021, Sanchez Oviedo filed a motion with BIA asking to reopen his case based on materially changed country conditions in Mexico. Sanchez Oviedo attached a "2019 Mexico Country Report on Human Rights Practices" to this motion. The BIA denied the motion to reopen. Sanchez Oviedo filed a timely petition for review.

2. The BIA did not abuse its discretion in denying the motion to reopen. The motion was untimely. A noncitizen must move to reopen "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Sanchez Oviedo did not file his motion until February 2021, nearly two years after his final removal order became final.

3. Sanchez Oviedo has not shown that the BIA abused its discretion in determining that he failed to satisfy the "changed country conditions" exception to the 90-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). To show changed conditions, Sanchez Oviedo relies on a County Report on Human Practices for 2019. The country conditions documented in the 2019 report are not qualitatively different from the country conditions documented in the 2014 report. Thus, as the BIA determined, at most, Sanchez Oviedo showed that the country conditions in Mexico have not improved since his hearing before an Immigration Judge. Thus, Sanchez Oviedo failed to meet the statutory exception by providing "evidence

[that] is material and was not available and would not have been discovered or presented at the previous proceeding." *See id.*; 8 U.S.C. § 1229a(c)(7)(C)(ii).

**PETITION DENIED**.